UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN RUGGIERO,

Plaintiff,

v.

SPECIALIZED BICYCLE COMPONENTS, INC.,

Defendant.

Case No. C25-2053RSM

ORDER DENYING MOTION TO STRIKE

This matter comes before the Court on Defendant Specialized Bicycle Components, Inc. ("Specialized")'s Motion to Strike immaterial, impertinent, and scandalous pleadings in Plaintiff's Amended Complaint pursuant to Rule 12(f). Dkt. #12. Plaintiff Steven Ruggiero has filed an opposition brief. Dkt. #16. Neither party requests oral argument.

The Amended Complaint is twelve pages long. Dkt. #3. It details a bicycle accident where "disaster struck," Plaintiff was "slammed into [a] steep wall" and heard "the crack of ribs." *Id*. Later, the Amended Complaint states that "discovery will reveal that Specialized knew of the design flaw in its Turbo Levo motors that nearly killed Ruggiero." *Id*. at 6. Plaintiff pleads that Specialized had reason to know of a potential issue with "overrun," where

ORDER DENYING MOTION TO STRIKE - 1

its electric bike suddenly accelerates, based on comments made on internet forums. *Id*. at 6–10 (citing to attached exhibits).

Defendant argues that the Amended Complaint insufficiently pleads punitive damages; has "[i]mmaterial references, quotes, and exhibits relating to online posts that consist of unverified facts regarding demonstrably different issues, different model bicycles, different years of manufacture, and impermissible hearsay;" and contains "[i]nflammatory, conclusory and scandalous statements that Plaintiff was 'nearly killed' and/or that Specialized knowingly caused harm to Plaintiff as a result of profit motive." *Id*. at 2.

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *Adan v. Swedish Health Servs.*, Case No. 2:23-cv-01266-TL, 2024 U.S. Dist. LEXIS 92865, 2024 WL 2398208, at *4 (W.D. Wash. May 23, 2024). The purpose of the rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Id.* at 974–75.

As an initial matter, the Court finds Defendant's repeated discussion of the admissibility and merits of the evidence improper for a Motion brought under Rule 12(f), which does not permit the Court to weigh evidence or dive into competing legal theories. The Court agrees with Plaintiff that Rule 12(f) is an improper basis to challenge Plaintiff's claims for punitive damages under Ninth Circuit law. Even if the Court were to review punitive damages under Rule 12(b)(6), the Court would deny that motion based on the current sufficiency of the pleading. Defendant fails to convince the Court that Rule 9(b)'s heightened pleading standard

ORDER DENYING MOTION TO STRIKE - 2

applies to the claims here or the request for punitive damages. The sufficiency of the evidence is best addressed at summary judgment or a later phase of this case.

The Court has otherwise reviewed the pleading and finds that, although some facts are vivid, the Amended Complaint does not contain redundant, immaterial, impertinent, or scandalous matters sufficient to warrant the requested relief.

Accordingly, having reviewed the briefing of the parties and the remainder of the record, the Court hereby FINDS and ORDERS that Defendant Specialized's Motions to Strike, Dkt. #12, is DENIED.

DATED this 24th day of March, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO STRIKE - 3