# Ex. A

## <u>SETTLEMENT RELEASE AND HOLD HARMLESS AGREEMENT</u>

*WHEREAS:*

A.      <u>The Agreement.</u>  This Settlement Release and Hold Harmless Agreement may be referred to as the "Agreement."

B.      <u>The Incident.</u>  Plaintiff STEVEN RUGGIERO, (herein referred to as "Plaintiff" or "Releasing Party"), alleges that he sustained physical and psychological injuries, along with other damages, arising out of the Incident as hereinafter defined. Plaintiff alleges causes of action against Defendant SPECIALIZED BICYCLE COMPONENTS, INC. (herein referred to as "Defendant") regarding an incident that occurred on or about June 25, 2025 in Oakridge, Oregon, in which Plaintiff was injured while riding his Specialized Turbo Levo bike (herein referred to as the "Bike") due to an alleged design and/or manufacturing defect by Defendant. Nevertheless, Defendant denies those allegations. All of the foregoing, and all actions and communications made in connection therewith, are hereinafter collectively referred to as the "Incident."

C.      <u>The Lawsuit.</u>  Plaintiff initiated this action by serving a Complaint alleging causes of action against Defendant arising out of the Incident captioned in King County Superior Court of the State of Washington. The Defendant removed the action to the United Sates District Court Western District of Washington at Seattle in Case Number: 2:25-cv-02053-RSM (hereinafter referred to as the "Lawsuit").

Defendant denies all claims asserted by Plaintiff.

*Settlement Release and Hold Harmless Agreement*

_____<br>
STEVEN RUGGIERO

**D.**     <u>**The Settlement**</u>.     Plaintiff and Defendant have reached an agreement to compromise all claims Plaintiff may now, or in the future, have against Defendant, arising out of or in any manner related to the Incident and/or the Lawsuit.

*NOW, THEREFORE, IT IS AGREED:*

**1.**     <u>**The Payment.**</u> Pursuant to this settlement, Plaintiff shall receive from Defendant the following payment (the "Payment"): ONE HUNDRED AND SEVENTY FIVE THOUSAND DOLLARS AND  00/100 CENTS ($175,000.00), in a check made payable to Plaintiff's counsel "ARD LAW GROUP." Plaintiff's counsel will execute the Stipulation and Order dismissing all claims with prejudice to close the case as set forth in paragraph 24 below, and defense counsel will be authorized to file the stipulation upon confirmation of receipt of the Payment by Plaintiff's counsel. Further, Plaintiff agrees to satisfy or otherwise resolve any and all outstanding medical or other liens as detailed in paragraphs 19 and 20, including but not limited to any lien amount asserted by Medicare. Plaintiff will indemnify and hold the Defendant and Released Parties harmless regarding repayment of the liens as detailed in paragraphs 19 and 20, including, but not limited to, any lien amount asserted by Medicare; PROVIDED, however, that notice is given and any such claim promptly tendered to Plaintiff (via his counsel) for defense. Furthermore, Plaintiff shall provide Defendant's counsel with affidavits, attached as Exhibit A, that Plaintiff will satisfy any Medicare lien from the Payment. The Payment shall be issued no later than sixty (60) days after receipt of the executed Agreement together with a W9.

**2.**     <u>**Sole Recovery.**</u>     The Payment shall constitute Plaintiff's only recovery from Defendant, or any other affiliated person or entity related to Defendant, for any and all actual or potential claims arising out of the Incident and/or the Lawsuit against Defendant only.

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

3. **The Release.**  Plaintiff hereby waives, releases, and forever discharges any and all actual or potential claims arising out of the Incident, which were or could have been alleged in the Lawsuit as follows:

4. **Persons/Entities Released.**   The following persons and entities are released: SPECIALIZED BICYCLE COMPONENTS, INC., ALL PERSONS OR ENTITIES WHO COULD BE LIABLE FOR THE CLAIM OR THE ACTION, ALL PERSONS IN THE CHAIN OF DISTRIBUTION OF THE BIKE, all manufacturers of the Bike, all distributors, suppliers, vendors, retail sellers, and each of their past, present and future officers, directors, stockholders, agents, principals, servants, representatives, employees, subsidiaries, affiliates, parents, insurers, attorneys, partners, assigns, predecessors and successors in interest, related entities and assigns and all other persons and organizations with whom any of them have been, are now, or may hereafter be affiliated (collectively the "Released Parties"). This release and discharge shall be broadly construed to the benefit of the Released Parties.

5. **Claims Released.**  The following claims are released:  Released Parties are hereby released and discharged fully and completely from and against any and all liability, rights, claims, demands, actions, judgments, sanctions, and/or causes of action, in law or in equity, statutory or common law, sanctions, punitive damages, contractual or extra-contractual, known or unknown, past present or future, claimed or unclaimed, direct or indirect, fixed or contingent, liquidated or uncertain, latent or patent, of any kind whatsoever, arising out of or in any way relating to the Incident and/or the Lawsuit:

a.      including, but not limited to: (i), bodily injury, burns, scarring, plastic surgery, personal injury, wrongful death, property, loss of consortium, loss of support,

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

compensatory, emotional, consequential, emotional support, grief, disfigurement, pain and suffering, medical expenses, expenses, pecuniary, general, special, economic, psychological, trauma, hedonic, past lost wages/income, future lost wages/income,  future earnings capacity, punitive, or exemplary damages;

(ii) attorneys' fees, costs, sanctions, or prejudgment or post-judgment interest (PROVIDED, however, that the Payment is received within the time frame set forth in this Agreement); or

(iii) any other measure or theory of damages, actually or allegedly recoverable under law or equity including but not limited to negligent entrustment, whether or not actually alleged in the Lawsuit arising out of the Incident.

b.    All sums set forth herein constitute damages on account of personal injuries and sickness in a case involving physical injury or physical sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

c.    This is a Release of all claims made by Plaintiff related to the subject incident and outlined in this agreement. It is noted that there is no funds in this settlement being specifically allowed for past, present, or future wage loss or for punitive damages.

6.    **<u>Future and Unknown Claims Released.</u>**  Plaintiff acknowledges that there may arise in the future injuries or damages of which he is not presently aware, and intend this Agreement to release Released Parties as to all rights in any way connected with any such injuries or damages which may become known in the future arising out of the Incident.  Part of the Payment is made to compensate Plaintiff for any injury or damages which may become known in the future.

*Settlement Release and Hold Harmless Agreement*

_____<br>STEVEN RUGGIERO

7.    **Denial of Liability.**  Neither the Payment as set forth in this Agreement, nor the execution of this Agreement itself, constitute an admission of liability on the part of the Released Parties.  Payment is made in compromise and full settlement of disputed claims. Released Parties expressly deny any and all liability arising out of the Incident.

8.    **No Representations Made.**  No representation of any kind concerning any subject has been made by or on behalf of any of the Released Parties which have in any way influenced Plaintiff's decision to enter into the Agreement, other than those set forth herein.

9.    **Reliance On Own Counsel.** In entering into the Agreement, Plaintiff represents that he relied upon the legal advice of his attorneys, who are the attorneys of his own choice, and that he has read the terms of this Agreement completely, and that he fully understands and voluntarily accepts those terms.

10.    **Warranty.**  Plaintiff hereby warrants and covenants that he is over the legal age of majority in the State of Washington, and in the State where this Agreement is executed if other than Washington.

11.    **Binding Others**. Plaintiff hereby binds himself, his legal representatives, successors, principals, heirs, administrators, executors, assigns, and personal representatives to the Agreement and to each of its terms and conditions.

12.    **Execution of Documents.**  Plaintiff and Defendant agrees to execute all documents and to do all things necessary to fully effectuate the terms of the Agreement.

13.    **Post-Execution Survival.**  The representations, warranties, agreements, and promises made in the Agreement which are contained herein shall survive the execution of the Agreement.

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

14.    **Costs and Fees.**  Each party to this Agreement agrees to bear their own costs and attorneys' fees with respect to the Lawsuit.

15.    **Execution in Parts/Counterparts.**  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed one and the same instrument.  The Agreement is not and shall not be effective, however, unless and until each signatory to the Agreement executes the original and/or a counterpart.

16.    **Signatory Representations.**  Each of the undersigned declares and represents that she or he is competent to execute the Agreement, and that he or she is duly authorized, and has the full right and authority, to execute the Agreement on behalf of the party for whom he or she is signing.

17.    **Amendments, Modifications, Addendums and Revisions.**  No amendment, modification, addendum, or revision of the Agreement shall be valid unless it is in writing and signed by all of the parties to the Agreement, in which event there need be no separate consideration therefor.

18.    **Waiver.**  No waiver or indulgence of any breach or series of breaches of the Agreement shall be deemed or construed as a waiver of any other breach of the same or any other provision hereof or affect the enforceability of any part or all of the Agreement, and no waiver shall be valid unless executed in writing by the waiving party.

19.    **Satisfaction of Liens.**  Plaintiff represents and warrants that all bills, costs, or liens resulting from or arising out of Plaintiff's alleged injuries alleged in the Lawsuit and encompassed by this Agreement, are Plaintiff's responsibility to pay. Plaintiff agrees to assume responsibility

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

for satisfaction of any and all rights to payment, claims, or liens, of any kind, that arise from or are related to payments made or services provided to Plaintiff, or on Plaintiff's behalf, and expenses, costs, or fees incurred in conjunction with the claims asserted by Plaintiff related to Plaintiff's alleged injuries including without limitation, all subrogation claims, liens, or rights to payment, related to medical treatment or lost wages that have been or may be asserted by any heath care provider, health care or long-term disability insurer, governmental entity, employer, or other person or entity.

This Agreement is based upon a good faith determination of the Parties to resolve the subject action. The Parties have attempted to resolve this matter in compliance with both state and federal law. The Parties have made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. The Parties have not attempted to shift responsibility of medical treatment to Medicare pursuant to 42 U.S.C. Sec. 1395y(b). However, if any subrogation or other liens and/or other reimbursable amounts for medical and/or legal services paid or rendered on behalf of Plaintiff allegedly arising out of or in any way related to the Incident and/or the Lawsuit becomes known in the future, Plaintiff hereby further warrants, represents, and covenants that the appropriate due diligence was conducted to identify any such liens, and if any such liens are later identified, said liens will be satisfied out of the Payment or otherwise resolved. Plaintiff specifically agrees to satisfy or otherwise resolve any outstanding liens out of the Payment, including but not limited to any Medicare Liens. Further, Plaintiff agrees to indemnify and hold harmless the Released Parties with regard to any lien from any healthcare providers or any other lienholder, including but not limited to the lien of Medicare or any other lien or lien holder that may become known in the future relating to medical bills incurred by Plaintiff as a

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

result of the incident, including reimbursement of attorneys' fees and costs incurred by Defendant in responding to the prosecution of said lien by lienholder or its agents; PROVIDED, however, that notice is given and any such claim promptly tendered to Plaintiff (via his counsel) for defense.

20. **Agreement to Indemnify Against Liens.** It is further expressly understood and agreed that, in exchange for the consideration previously described herein, Plaintiff shall indemnify, defend, and forever hold harmless the Released Parties of and from any liens and all related demands, damages, actions, causes of action, suits at law or equity, claims, and cross-claims, including but not limited to any derivative and/or subrogation claims, of whatever kind and nature, made or brought by any person, firm, corporation, governmental agency, health insurer, health care provider, or other individual or entity, including but not limited to Plaintiff's health care providers and insurers as well as Medicare, Health Plan of WASHINGTON Medicaid, Medicaid, WASHINGTON Medicaid, the Social Security Administration, the Centers for Medicare and Medicaid Services ("CMS"), and the Medicare Secondary Payer Recovery Contractor ("MSPRC"), against the Released Parties, on account of the provision of any medical or other professional services to the Plaintiff as a result of the Incident; PROVIDED, however, that notice is given and any such claim promptly tendered to Plaintiff (via his counsel) for defense. Specifically, if any governmental entity, or anyone acting on behalf of any governmental entity, seeks multiple damages, including double damages, or other damages from Released Parties relating to payment by such governmental entity, or anyone acting by contract for such governmental entity relating to such governmental entity, relating to Plaintiff's alleged injuries, Plaintiff will indemnify the Released Parties for, and hold the Released Parties harmless from, any and all such damages, claims, and rights to payment, including any attorneys' fees, sought by such

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

Page **8** of **18**

entities; PROVIDED, however, that notice is given and any such claim promptly tendered to Plaintiff (via his counsel) for defense.

Nothing in this section shall be construed to create a right of indemnification, defense, or other obligation with regard to Defendant's own insurers, brokers, risk managers, and/or reinsurers. Defendant represents that any and all disputes relating to insurance coverage and indemnification for this lawsuit have been or will be resolved without involvement or contribution from Plaintiff.

It is further expressly understood and agreed that, in exchange for the consideration previously described herein, the Plaintiff agrees to indemnify, defend, and forever hold harmless the Released Parties of and from any and all demands, damages, actions, causes of action, suits at law or equity, liens, claims, and cross-claims, including but not limited to any derivative claims, of whatever kind and nature, made or brought by Health Plan of WASHINGTON Medicaid, Medicare, WASHINGTON Medicaid, Medicaid, TriCare, the Social Security Administration, the CMS, the MSPRC, or any other public agency or public or private insurer or entity, arising out of or based upon the Medical Secondary Payer Act, or any other law, state, or federal, which requires the reimbursement of said entities as a result of payments made, or to be made, to the Plaintiff as a result of the alleged exposure, injuries, and/or damages described herein; PROVIDED, however, that notice is given and any such claim promptly tendered to Plaintiff (via his counsel) for defense.

Plaintiff agrees to provide Released Parties with a copy of all letters or other written correspondence to or from Plaintiff and/or his counsel notifying Governmental Entities that the Subject Action has settled, or confirming resolution of said liens, upon request.

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

As to future medical payments, Plaintiff and Plaintiff's counsel agree that it is the Plaintiff's sole and continuing responsibility to maintain an accounting of all Medicare-covered expenses relating to the Subject Claims, and sufficiently set aside and administer such funds for future medical expenses, to the extent those actions may be required under the law. If the amounts the Plaintiff and Plaintiff's counsel withhold and set aside for satisfying any Governmental Entities' liens including Medicare Conditional Payments, including but not limited to Health Plan of WASHINGTON Medicaid and future medical expenses prove to be insufficient to finally and completely satisfy all Conditional Payments and future medical expenses related to the claim, Lawsuit or Incident, Plaintiff agrees to indemnify and hold Released Parties harmless from any and all damages, claims, and rights to payment, including any attorneys' fees; PROVIDED, however, that notice is given and any such claim promptly tendered to Plaintiff (via his counsel) for defense.

**21.    Assignment of Claims.**  Plaintiff represents, warrants and agrees that he is the lawful owner of the right, title, and interest in and to every claim or matter released herein and has not assigned or transferred, nor purported to or attempted to assign or transfer, to any person or entity any claim or other matter released herein. Plaintiff warrants that he will not in the future assign or transfer any claim or other matter released herein and will defend, indemnify, and hold the Released Parties harmless from any and all claims arising out of or relating to any assignment or transfer, and/or any purported or attempted assignment or transfer contrary to the terms of this paragraph; PROVIDED, however, that notice is given and any such claim promptly tendered to Plaintiff (via his counsel) for defense.

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

22.     **Other Actions, Suits, Proceedings or Claims.**  Plaintiff agrees he has not and will not commence, maintain, initiate or prosecute, or cause, encourage, assist, advise, or cooperate with any other person or entity to commence, maintain, initiate or prosecute, any action, suit, proceeding, or claim before any court, administrative, or quasi-legal body or agency (whether state, federal, private, or otherwise), against the Released Parties, or any of them, from, concerned with, or otherwise related to the Incident. To the extent any such action, suit, proceeding or claim is or has been initiated by a party over whom Plaintiff does not have control, nothing in this section shall be construed to prevent Plaintiff from appearing, defending, or otherwise acting to protect his interests in a manner consistent with this agreement.

Plaintiff further warrants that no other relative of the Plaintiff has the right to assert any claim arising from the accident and jointly and severally agrees to indemnify and hold harmless the Released Parties from any liability, loss, damages, or expenses incurred because of any legal action or threat of legal action which might be brought against the Releasees by any other relative of the Plaintiff; PROVIDED, however, that notice is given and any such claim promptly tendered to Plaintiff (via his counsel) for defense.

23.     **The Dismissal.**  Plaintiff agrees that the consideration of the Agreement constitutes all of the money whatsoever that they will have received or is entitled to receive from Released Parties as a result of the Incident, and further agrees that a portion of the consideration paid under this Agreement is in return for their agreement to dismiss the Lawsuit, with prejudice, each Party to pay their own costs, as to claims against Defendant.

24.     **Conditions Precedent**.  The following are conditions precedent to the tender of the Payment to Plaintiff:

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

a.    The Agreement must be executed in full by the Plaintiff; and

b.    The Parties must have executed the Stipulation and Order Dismissing All Claims with Prejudice and Closing Case so that the Stipulation can be filed with the Court upon payment of the Payment. Defense counsel agrees to hold that Stipulation and not to file it with the Court unless and until Plaintiff's counsel verifies receipt of the Payment.

25.    **Taxability of Settlement Proceeds.**  If any government entity determines that any taxes or payments of any kind are due on account of this settlement, such payment shall be the sole responsibility of Plaintiff, and Plaintiff hereby represents that he will make payment of such taxes at the time and in the amount required. Plaintiff further agrees to indemnify and hold Defendant harmless for any payment of tax or penalty that is required by any government agency as a result of the payment of the sums set forth herein; PROVIDED, however, that notice is given and any such claim promptly tendered to Plaintiff (via his counsel) for defense.  Plaintiff further understands that Defendant may prepare and submit an IRS Form 1099 at year-end, identifying the amount of this settlement.

26.    **Laws of Washington Apply.**  The laws of the State of Washington govern the terms and enforceability of the Agreement.

27.    **Use of Titles.**  Titles used in the Agreement are for purposes of organization only and are not to be considered as terms of the Agreement, nor are they to be used in interpretation of the Agreement or the intention of the parties to the Agreement.

28.    **No Third Party Benefits.**  This Agreement and all of its provisions will apply to, be binding upon, and inure to the benefit of the Parties hereto and their successors and permitted

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

assigns. Nothing in this Agreement, express or implied, is intended to confer upon any person other than the Parties hereto any rights or remedies of any nature whatsoever under or by reason of this Agreement or any provision of this Agreement. This Agreement and all of its provisions and conditions are for the sole and exclusive benefit of the Parties hereto and their successors and permitted assigns.

29. **Confidentiality.** The parties and their respective counsel agree to keep confidential and to not disclose or discuss this Agreement or its terms with third parties, except (a) with his spouse, attorneys, accountants, and tax advisors, (b) for purposes of tax preparation and communication with a taxing authority, compliance with government regulations, or corporate-reporting, or (c) as required by law or pursuant to a court order. No consideration was provided other than the mutual obligation of both parties to maintain confidentiality of this agreement.

30. **Non-Disparagement.** The Parties and their counsel, each agree not to disparage, or make any disparaging remark or send to any person any disparaging communication, concerning the Parties or their counsel's, reputation, business, or the services offered by Defendant.

30. **Entire Agreement.** This Agreement and the Exhibit attached hereto entered into by the Parties constitutes the final and entire agreement between Plaintiff and Defendant and supersedes and replaces all prior agreements, whether oral or written, express or implied, with respect to the subject matter hereof.

31. **Interpretation.** This Agreement has been jointly drafted by the Parties and the usual rule governing interpretation of contracts against the drafter is inapplicable.

32. ~~**Return of Bike.** Plaintiff hereby agrees to deliver the Bike that is the subject of the Incident, together with all keys, accessories, and documentation to the extent in Plaintiff's~~

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

~~possession, custody, or control, to a mutually convenient location to be decided. The delivery of the Bike shall be made no later than sixty (60) days after receipt of the executed Agreement.~~

*[Remainder of this page intentionally left blank]*

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

**EXHIBIT A**

MEDICARE/MEDICAID AFFIDAVIT Re:  STEVEN RUGGIERO

UNITED STATES DISTRICT COURT        )
                                                                ) ss:
WESTERN DISTRICT OF WASHINGTON)

STEVEN RUGGIERO, who after being duly sworn, deposes and says:

1.       That I am a Plaintiff in the legal action entitled Plaintiff STEVEN RUGGIERO v. SPECIALIZED BICYCLE COMPONENTS, INC, currently pending as Case No. 2:25-cv-02053-RSM in the UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE.

2.       That I ___ am ___ am not (check one) currently eligible for Medicare benefits.

3.       That I ___ am ___ am not (check one) currently receiving Medicare benefits.

4.       That I did____ did not____ (check one) receive Medicare benefits.

5.       Medicare ___ has ___ has not (check one) asserted a lien to recover proceeds through any settlement of this case/claim.

6.       That I ___ am ___ am not (check one) currently eligible for Medicaid benefits.

7.       That I ___ am ___ am not (check one) currently receiving Medicaid benefits.

8.       Medicaid ___ has ___ has not (check one) asserted a lien to recover proceeds through any settlement of this case/claim.

9.       That I agree to satisfy any Medicare or Medicaid lien from the PAYMENT.

10.      That I agree to notify the Released Parties should any of the above information change.


          DATED this ___ day of _____, 2026.


                                                    _____
                                                    STEVEN RUGGIERO


*Settlement Release and Hold Harmless Agreement*

                                                                    _____
                                                                    STEVEN RUGGIERO

SUBSCRIBED and sworn to before me
this ___ day of _____, 2026.

_____
Notary

*[Remainder of this page intentionally left blank]*

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

**I HAVE READ THIS AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT AND SIGN IT VOLUNTARILY.**

DATED this _____ day of _____, 2026.

ARD LAW GROUP

_____
Joel Ard, Esq.
Attorney for Plaintiff

DATED this _____ day of _____, 2026.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

_____
Trevor Mohr, Esq.
Attorney for Defendant

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO

UNITED STATES DISTRICT COURT      )
                                  ) ss:
WESTERN DISTRICT OF WASHINGTON)

BEFORE ME, a Notary Public, on this _____ day of _____, 2026, personally appeared STEVEN RUGGIERO, known to me to be the person named herein and who executed the foregoing confidential Settlement Release and Hold Harmless Agreement and who acknowledged that he voluntarily executed the same.

_____
NOTARY PUBLIC in and for said
COUNTY and STATE

*Settlement Release and Hold Harmless Agreement*

_____
STEVEN RUGGIERO