UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN RUGGIERO,

Plaintiff,

v.

SPECIALIZED BICYCLE COMPONENTS, INC.,

Defendant.

Case No. C25-2053RSM

ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT

This matter comes before the Court on Plaintiff Steven Ruggiero's Motion to Enforce Settlement Agreement, Dkt. #24. Defendant Specialized Bicycle Components, Inc. ("Specialized") has filed an opposition brief. Dkt. #26. The Court has determined that it can rule without the need of oral argument.

In his Amended Complaint Mr. Ruggiero alleges he was injured while riding a Specialized bicycle due to a design flaw. In the instant Motion he says counsel settled this matter in an exchange of emails, only to have Defendant Specialized "refuse[] to honor that agreement because Plaintiff rejected a post acceptance demand to also give Specialized the bicycle." Dkt. #24 at 1.

Before things fell apart, the parties had been close to a settlement. Finally, on April 27, 2026, defense counsel wrote:

ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT - 1

Hi Joel,

We were able to get Specialized management to agree to settle for $175,000. I won't get into the details, but it was a tough fight because Specialized is essentially self-insured, so this is their money. I hope this gets it done. Otherwise, we will go ahead and serve supplemental responses as we discussed last week.

Thanks,

Tony

Dkt. #25-11 at 2. The next day, Plaintiff's counsel wrote back:

Accepted. Steve is probably a lot less particular about the terms of a settlement and release, so I suspect we can close this out fastest if you take the pen. I doubt we will have much in the way of edits.

Joel

*Id.* Four minutes later, defense counsel wrote back "Great. We will get it done. Look for a draft in the next day or two." Dkt. #25-12 at 2. Shortly thereafter, defense counsel wrote again: "[b]y the way, we are going to need the bike returned to us as part of the settlement. I think he will be able to afford a new one now, but please let me know ASAP if that is a problem." Dkt. #25-13 at 2. The subsequent written agreement first draft included that term. Plaintiff responded with a redlined version asking for payment within 30 days instead of 60, asking for Mr. Ruggiero to be able to talk to his wife about the settlement, and refusing to return the bike. *See* Dkt. #25-16 at 2. The agreement fell apart. *See* Dkt. #24 at 3.

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987). "To be enforceable, a settlement agreement must meet two requirements: (1) it must be a complete agreement and (2) both parties must have agreed to its terms or authorized their representatives to settle the case." *McKelvey v. Am. Seafoods*, No. C99-2108L, 2000 WL 33179292, at *1 (W.D. Wash. Apr. 7, 2000) (citations omitted). "Settlement agreements are

ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT - 2

contracts which a federal court interprets by looking to the contract law of the state in which it sits." *Kruger v. Credit Int'l Corp.*, No. C10-1374-RSM, 2012 WL 1534023, at *2 (W.D. Wash. Apr. 30, 2012) (citing *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990)).   "Under Washington law, a contract is binding 'when the intention of the parties is plain and the terms of the contract are agreed upon even if one or both parties contemplated later execution of a writing.'" *Id*. (quoting *Veith v. Xterra Wetsuits, LLC*, 144 Wn. App. 362, 366, 183 P.3d 334 (2008)).   In *Kruger*, a binding settlement agreement was formed by email acceptance of the plaintiff's counter-offer by counsel for defendant, stating "[t]hank you for your patience, I was finally able to get confirmation today from the client that we have a deal."  2012 WL 1534023, at *3.   Although the plaintiff had in fact signed the written settlement agreement later, the settlement agreement was formed when counsel for the parties manifested agreement by email. *See id.* ("A written contract is not necessary when the parties have agreed to the material terms of the contract and have expressed mutual assent to be bound.") (citing *Stottlemyre v. Reed*, 35 Wn. App. 169, 171, 665 P.2d 1383 (1983)); *see also, e.g., Evanston Ins. Co. v. Clark Cnty.*, No. 10-CV-5625 RBL, 2012 WL 2068775, at *3 (W.D. Wash. June 8, 2012) (concluding that the settlement agreement between the parties was binding when counsel responded: "Your email accurately reflects the parties' agreement"); *Daroudi v. Bank of Am.*, No. C13-1561RSL, 2014 WL 1670146, at *2 (W.D. Wash. Apr. 28, 2014) (enforcing settlement agreement formed by email of plaintiff's counsel proposing settlement terms and email by counsel for defendant replying, "we have a deal").

The Court has reviewed the attached email correspondence and finds that the agreement between the parties was not a complete agreement because material terms were still being edited.  Plaintiff's counsel agreed to one term—Specialized's offer to pay Mr. Ruggiero a sum of money—but left unresolved other "terms" that Mr. Ruggiero was "*probably* a lot less

ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT - 3

particular about" and to which counsel doubted that there would be "*much* in the way of edits." Dkt. #25-11 at 2 (emphasis added). The phrases "probably" and "much" unquestionably left open terms to be negotiated, and indeed there were further negotiations which fell apart. This was not a situation where the parties reached a complete agreement orally and only needed to memorialize the agreement in writing.

Accordingly, under the above law and having reviewed the briefing of the parties and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff Steven Ruggiero's Motion to Enforce Settlement Agreement, Dkt. #24, is DENIED.

DATED this 26th day of May, 2026.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT - 4